**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NATHAN LINDER**,<br><br>3082 Hills Miller Road<br>Delaware, OH 43015<br><br>**PLAINTIFF**,<br><br>v.<br><br>**MINUTECLINIC DIAGNOSTIC OF OHIO, LLC**,<br><br>C/O Statutory Agent CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>**DEFENDANT.** | CASE No. 2:25-cv-713<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

## I. NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Nathan Linder against his former employer, MinuteClinic Diagnostic of Ohio, LLC. Defendant unlawfully committed one or more of the following unlawful acts against Mr. Linder: (1) interfered with his rights under the Family & Medical Leave Act (FMLA); (2) retaliated against him for exercising her rights under the FMLA; (3) discriminated against him because of his disability; (4) terminated his employment in retaliation for engaging in the protected activity of requesting or making use of an accommodation; and/or (5) failed to reasonably accommodate his disability.

2. Accordingly, Mr. Linder now files this civil action. He seeks to recover for the harm he has suffered, to punish Defendant for its conduct, and to deter Defendant from ever perpetrating its conduct against any other person.

## II. JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

4. Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same transaction or occurrence as his federal-law claims.

5. Pursuant to 28 U.S.C. 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

6. Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

## III. PARTIES

7. Plaintiff Nathan Linder ("Plaintiff" or "Mr. Linder") is a natural person who is a resident of Delaware County, Ohio. Defendant MinuteClinic Diagnostic of Ohio, LLC employed Mr. Linder from November of 2013 up until Defendant fired him on June 26, 2023.

8. Defendant MinuteClinic Diagnostic of Ohio, LLC ("Defendant MinuteClinic" or the "Company") is a for-profit limited liability company that formed in the State of Ohio and has its principal place of business in Franklin County, Ohio. Defendant MinuteClinic is a medical care provider.

## IV. FACTS

1. Mr. Linder worked for Defendant as a Nurse Practitioner in Knox County, Ohio.

2. During Mr. Linder's employment with Defendant, his work performance met or exceeded the expectations of his supervisors. Additionally, Mr. Linder received multiple positive performance reviews and pay raises since he was hired in 2013.

3. At all relevant times, Defendant had at least 50 employees.

4. Mr. Linder has several medical conditions, including anxiety, depression, irritable bowel syndrome ("IBS"), back spasms, and carpal tunnel syndrome ("CTS") (collectively "Mr. Linder's Conditions").

5. IBS causes Mr. Linder to take occasional restroom breaks.

6. CTS and back spasms cause Mr. Linder to take occasional stretching breaks.

7. Mr. Linder's Conditions significantly limit him in one or more major life activities, including sitting, standing, and walking.

8. Because of Mr. Linder's Conditions, Defendant regarded him as disabled.

9. In or around January of 2023, Mr. Linder received a final warning for alleged "gaps" of productivity during his shifts.

10. However, Mr. Linder had not received any warnings or write-ups prior to this disciplinary action.

11. After receiving the final warning, Mr. Linder met with his supervisor approximately two or three times to review his schedule and locate any "gaps."

12. During these meetings, Mr. Linder's supervisor never expressed concerns with his performance or with any alleged "gaps."

13. However, Mr. Linder noted that potential "gaps" in his schedule would have included restroom breaks and stretching breaks among other daily activities.

14. Notably, Mr. Linder's restroom and stretching breaks are related to his disabilities.

15. In or around January of 2023, Mr. Linder sought medical attention for his worsening disabilities.

16. Due to Defendant's scrutiny of Mr. Linder, his anxiety worsened, which exacerbated his IBS. Additionally, his back spasms increased in severity.

17. In or around March of 2023, Mr. Linder requested reasonable accommodations for his disabilities. Mr. Linder requested restroom use as needed for his IBS and stretching breaks for his back and CTS.

18. In or around March of 2023, Mr. Linder submitted all necessary medical documents to request these accommodations.

19. To Mr. Linder's knowledge, his requested accommodations would have been considered as intermittent leave, and he would need to use paid time off for restroom breaks related to his IBS.

20. Following the submission of his requests, Mr. Linder asked for updates on the status of his accommodation requests. However, Mr. Linder never received approval or information on his accommodation requests.

21. Prior to Mr. Linder's termination, his wife was pregnant.

22. During her pregnancy, Mr. Linder's wife also worked for Defendant.

23. In or around April of 2023, Mr. Linder submitted a request for approximately four weeks off for paternity leave in or around July of 2023 or August of 2023.

24. Mr. Linder's request for leave to care for his wife and future child qualified as a request for FMLA leave.

25. At the time when Mr. Linder applied for FMLA leave, Mr. Linder had worked for more than 12 months for Defendant.

26. At the time when Mr. Linder applied for FMLA leave, Mr. Linder had worked for more than 1,250 hours in the preceding 12 months.

27. At the time when Mr. Linder applied for FMLA leave, Mr. Linder qualified for FMLA leave.

28. On or about June 26, 2023, Mr. Linder's supervisors requested a meeting with him through Microsoft Teams.

29. On or about June 26, 2023, Defendant terminated Mr. Linder's employment for having too many "gaps" during his schedules.

30. During Mr. Linder's employment, his coworkers also received harassment for "gaps" in their schedules, but they were not terminated. To Mr. Linder's knowledge, his coworkers did not have disabilities.

31. Mr. Linder's termination occurred shortly before the start of his FMLA leave.

32. On or about June 26, 2023, Defendant terminated Mr. Linder's employment because of his actual or perceived disability.

33. On or about June 26, 2023, Defendant terminated Mr. Linder's employment in retaliation for requesting a disability accommodation.

34. On or about June 26, 2023, Defendant terminated Mr. Linder's employment in order to interfere with his use of qualifying FMLA leave.

35. On or about June 26, 2023, Defendant terminated Mr. Linder's employment in retaliation for his requesting FMLA leave.

36. On August 25, 2023, Mr. Linder timely filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC) and Equal Employment Opportunity Commission (EEOC). The charge alleged the same facts and claims under Ohio Revised Code Chapter 4112, the Americans with Disabilities Act, and the Title VII of the Civil Rights Act of 1964 as alleged in this Complaint.

37. On or about November 16, 2023, Mr. Linder received a notice-of-right-to-sue letter for his OCRC charge.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, et seq. (Interference)**

38. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

39. Plaintiff was at all relevant times an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

40. Defendant was at all relevant times an "employer" within the meaning of 29 U.S.C. § 2611(4).

41. Consistent with 29 U.S.C. § 2611(11) and 29 U.S.C. § 2612(a)(1)(D), Plaintiff was entitled to leave to care for his own serious health condition that temporarily made him unable to perform the essential functions of his job.

42. Plaintiff notified Defendant of his intention to take FMLA leave.

43. Defendant denied Plaintiff the full benefits of his FMLA leave.

44. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

45. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that its actions complied with the law.

46. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count I.

**COUNT II**

**Violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2611, et seq.**
**(Retaliation – Termination of Employment)**

47. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

48. Defendant was at all relevant times an "employer" within the meaning of 29 U.S.C. § 2611(4).

49. Plaintiff availed himself of a right protected by FMLA.

50. Defendant knew of Plaintiff's protected activity.

51. Plaintiff was subjected to a materially adverse employment action; namely, his termination of employment.

52. A causal connection exists between Plaintiff's exercise of protected activity and the adverse employment action he suffered.

53. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

54. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that their actions complied with the law.

55. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count II.

**COUNT III**

**Violation of Ohio Revised Code Chapter 4112**
**(Disability Discrimination – Termination of Employment)**

56. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

57. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

58. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

59. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

60. Defendant violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his disability or disabilities. Alternatively, Plaintiff's disability or disabilities were a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

61. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

62. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or

aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

63. Consistent with the rule in Columbus Finance, Inc. v. Howard, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

**COUNT IV**

**Violation of Ohio Revised Code Chapter 4112**
**(Regarded-As Disability Discrimination – Termination of Employment)**

64. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

65. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

66. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

67. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

68. Defendant violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

69. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

70. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or

aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

71. Consistent with the rule in Columbus Finance, Inc. v. Howard, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count IV.

## COUNT V

## Violation of Ohio Revised Code Chapter 4112
## (Retaliation – Termination of Employment)

72. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

73. Plaintiff was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

74. Defendant was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

75. Plaintiff engaged in the activity protected by Ohio Revised Code Section 4112.02(I).

76. Defendant violated Ohio Revised Code Section 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff's employment.

77. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

78. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or

aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

79. Consistent with the rule in Columbus Finance, Inc. v. Howard, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count V.

## COUNT VI

### Violation of Ohio Revised Code Chapter 4112
### (Disability Discrimination – Failure to Accommodate)

80. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

81. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

82. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

83. Defendant was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

84. Defendant violated Ohio Revised Code Chapter 4112 when it failed to provide a reasonable accommodation for Plaintiff's disability.

85. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

86. Consistent with Ohio Revised Code Section 2315.21, Plaintiff is entitled to punitive damages because the actions or omissions of Defendant demonstrate malice or aggravated or egregious fraud, and/or Defendant as principal or master knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

87. Consistent with the rule in Columbus Finance, Inc. v. Howard, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff is entitled to punitive damages, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count VI.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reinstatement or, in the alternative, front pay in an amount to be determined;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendant;

F. All costs and expenses incurred in pursuing the claims against Defendant;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Brian M. Perry
Brian M. Perry (Ohio Bar No. 0097811)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901

bperry@willisattorneys.com

*Attorney for Plaintiff Nathan Linder*